UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER YEFREY BEITA CAMPOS,<br><br>Petitioner,<br><br>v.<br><br>SIXTO MARRERO , Warden Imperial Regional Detention Facility; MARKWAYNE MULLIN Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States, in their official capacities,<br><br>Respondents. | Case No.:  26cv4065-GPC(AHG)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On July 15, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his unlawful detention at the Imperial Regional Adult Detention Facility in Calexico, CA.  (Dkt. No. 1, Pet.)  Respondents filed a response on July 21, 2026.  (Dkt. No. 4.)  Petitioner did not file a reply.  Based on the reasoning below, the Court GRANTS in part the petition for writ of habeas corpus.

### Discussion

Petitioner Walter Yefrey Beita Campos ("Petitioner") is a noncitizen who entered the United States around September 2023 and has lived and worked in the United States

1

26cv4065-GPC(AHG)

since his entry.  (Dkt. No., 1, Pet. ¶¶ 2, 18.)  He has never been arrested and has not committed any crimes and does not have a final order of removal.  (*Id.* ¶ 2, 3.)  He has been detained since around June 16, 2026.  (*Id.* ¶ 1.)  He seeks immediate release so that he can pursue a claim for asylum.[1]  (*Id.* ¶ 22.)  He alleges his continued confinement without a bond hearing is a violation of the Due Process Clause of the Fifth Amendment, his continued detention without a bond hearing is in violation of 8 U.S.C. § 1226(a), and the decision to detain him under § 1225(b) when his detention is governed by 8 U.S.C. § 1226(a) violates the Administrative Procedure Act.  (*Id.* ¶¶ 44-64.)

In response to the order to show cause, Respondents claims their position that Petitioner is subject to mandatory detention under § 1225(b)(2); however, the Government acknowledges that district courts in this district have held the opposite under similar facts and do not oppose on that basis.  (Dkt. No. 4 at 2-3 (citing cases).)  Under these cases, this court has held that Petitioner's detention falls under § 1226(a) and is entitled to a bond hearing.

To the extent Petitioner requests immediate release in his prayer for relief, such a request is premature.  Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Petitioner.  *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) rather than provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1082 (S.D. Cal. 2025) (*same*).  Therefore, the Court

---

[1] Petitioner also contradictorily states that he filed a timely application for asylum fearing persecution in his own country and "was physically present in the United States after being released on her (sic) own recognizance."  (Dkt. No. 1, Pet. ¶ 43.)  He does not provide any facts as to when he filed his asylum application, when he was detained and released on his own recognizance, and does not present argument to support what process was due to him.  The petition primarily challenges his continued detention without a bond hearing under 8 U.S.C. § 1226(a).  To the extent he seeks immediate release, he may file an amended petition providing factual and legal basis for such relief.

26cv4065-GPC(AHG)

GRANTS in part the petition for writ of habeas corpus.  Accordingly, IT IS HEREBY ORDERED that

- Respondents **PROVIDE** Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten (10) days of this Order;
- Respondents must **FILE** a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;
- Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention;
- Respondents **SHALL NOT** transfer Petitioner from this district pending his bond hearing;
- The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

Dated:  July 28, 2026

Hon. Gonzalo P. Curiel
United States District Judge

3

26cv4065-GPC(AHG)